Petition for Writ of Mandamus
Denied and Memorandum Opinion filed August 2, 2011.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-11-00495-CV

____________

 

IN RE SOUTHERN CRUSHED CONCRETE, Relator

 

 



ORIGINAL PROCEEDING

WRIT OF MANDAMUS

County Civil Court at Law No. 4

Harris County, Texas

Trial Court Cause No. 967,712

 

 

 



M E M O R
A N D U M   O P I N I O N

On June 7, 2011, relator filed a petition for writ of
mandamus in this court.  See Tex. Gov’t Code § 22.221; see also
Tex. R. App. P. 52.  Relator complains that respondent, the Honorable R. Jack
Cagle, sitting judge of the County Civil Court at Law No. 4, improperly granted
a motion to compel depositions.[1]  

Background

Relator Southern Crushed Concrete (SCC) leased
property owned by FEF Family Limited Partnership (FEF) the real party in
interest.  As part of the lease agreement, SCC had the right to purchase the
property in the event it was condemned by a governmental authority.  

In early 2009, the Metropolitan Transit Authority of
Harris County, Texas (Metro) announced its intent to condemn the property.  SCC
contends that, on July 2, 2009, it elected to buy the property pursuant to the
lease agreement.  Section 5.1 of the lease agreement permits SCC to purchase
the property for its fair market value in the event the property is condemned
by a public authority for public use.  Article 17 of the lease prescribes an
appraisal process in which each party is to choose a qualified appraiser if the
parties cannot agree on the fair market value of the property.  Under the
lease, SCC is obligated to pay the purchase price as determined through the
“Article 17” process.  SCC appointed Scott Rando as its qualified appraiser
under the lease.  FEF attempted to appoint appraisers, but SCC objected to all
of them.  Because FEF was unable to appoint a qualified appraiser within the
period of time designated by Article 17, Rando appointed Tom Stark as the
second qualified appraiser.  Rando and Stark determined that the fair market
value of the property was $720,700, approximately $2.50 per square foot.

FEF rejected SCC’s offer of $720,700 for the
property.  SCC filed suit in the 133rd District Court seeking (1) declaratory
judgment of its rights under the lease, (2) damages for breach of contract, and
(3) constructive trust on the condemnation proceeds.  In the meantime, three
special commissioners were appointed in the condemnation case.  The special
commissioners determined that the value of the property is $2,761,850 for a 6.3403
acre tract of land, approximately $10.00 per square foot.  In the underlying
suit in County Court at Law No. 4, FEF is challenging the special
commissioners’ award and SCC’s right to the condemnation proceeds.  FEF claims
that SCC has not properly invoked the purchase election in the lease and that
SCC is not entitled to the condemnation proceeds.

In the County Court suit FEF noticed the depositions
of Rando and Stark.  SCC resisted the depositions, asserting that Rando and
Stark are consulting experts only and that their opinions are not subject to
discovery.[2] 
Judge Cagle granted FEF’s motion to compel Rando’s and Stark’s depositions. 
FEF filed a motion to reconsider with Judge Lloyd who denied the motion.  SCC
seeks a writ of mandamus ordering Judge Cagle to vacate his order granting the
motion to compel.

Mandamus
Standard

To obtain a writ of mandamus, the relator must
demonstrate that the trial court abused its discretion and that the relator has
no adequate remedy at law.  Walker v. Packer, 827 S.W.2d 833, 839–40
(Tex. 1992) (orig. proceeding).  

Consulting
Expert Privilege

A consulting expert is an expert who has been
consulted, retained, or specially employed by a party in anticipation of
litigation or in preparation for trial, but who is not a testifying expert.  Tex.
R. Civ. P. 192.7(d).  The identity, mental impressions, and opinions of a
consulting expert whose mental impressions and opinions have not been reviewed
by a testifying expert are not discoverable.  Tex. R. Civ. P. 192.3(e).  

The trial court heard evidence that Rando and Stark
were appointed to appraise the property pursuant to Article 17 of the lease. 
By the terms of the lease, the parties were contractually obligated to appoint
“Qualified Appraisers” who were “not employed by or affiliated with either
party[.]”  The factual knowledge and opinions acquired by an individual who is
an expert and an active participant in the events material to the lawsuit are
discoverable.  Axelson, Inc. v. McIlhany, 798 S.W.2d 550, 552 (Tex.
1990).  This information is not shielded from discovery merely by changing the
designation of a person with knowledge of relevant facts to a consulting-only
expert.  Id.  The trial court did not abuse its discretion by impliedly
determining that Rando and Stark are not consulting experts.

SCC has not established entitlement to the extraordinary
relief of a writ of mandamus.  Accordingly, we deny SCC’s petition for writ of
mandamus.  The stay issued by this court June 7, 2011, is lifted.

 

                                                                        PER
CURIAM

 

Panel consists
of Justices Frost, Seymore, and Jamison.

 









[1]
Sitting for Judge Roberta Lloyd, Judge Cagle granted the real party’s motion to
compel depositions.  Relator filed a motion for reconsideration, which Judge
Lloyd denied.  Relator named only Judge Cagle as a respondent in its petition. 
Therefore, we will review Judge Cagle’s decision to grant the motion to compel.





[2] SCC
concedes in their reply to FEF’s response that Rando and Stark are testifying
experts in the District Court case and their depositions can be taken in
connection with that case.